## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRANDON BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01025-MTS |
| ) | |
| HYSTER-YALE GROUP, INC., *et al.*, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

In this action, Plaintiff asserts products liability and negligence claims arising under Missouri law stemming from an incident where he alleges a lift severely injured his leg. Plaintiff named as Defendants in the action Hyster-Yale Group, Inc. ("Hyster-Yale"), the manufacturer of the lift; MH Equipment Company ("MH Equipment"), the seller of the lift; and Kyle Churchill, the regional sales manager for MH Equipment. Defendant Hyster-Yale removed this action from the Circuit Court of St. Charles County asserting that this Court has diversity jurisdiction—provided the Court disregards Defendant Churchill's citizenship. *See* 28 U.S.C. § 1332(a)(1); *id.* at § 1441(a); *see also Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) ("The fraudulent joinder doctrine provides that a district court must disregard, for diversity jurisdiction purposes, the citizenship of an improperly joined defendant."). Now before the Court is Plaintiff's Motion to Remand. Doc. [41]. Because the Court concludes that Defendant Hyster-Yale failed to show that Plaintiff fraudulently joined Defendant Churchill, the Court will grant the Motion and remand this action.

Section 1332(a)(1) of Title 28 vests district courts with "original jurisdiction" over civil actions where the amount in controversy exceeds $75,000 and where all plaintiffs are citizens of states different from those of defendants. For more than a century, though, federal courts have recognized that "a plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907) (affirming the refusal to remand a case where "the real purpose in joining [a defendant] was to prevent the exercise of the right of removal by the nonresident defendant").

"When a party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud." *Hutchen v. Wal-Mart Stores E. I, LP*, 555 F. Supp. 2d 1013, 1017 (E.D. Mo. 2008). The U.S. Court of Appeals for the Eighth Circuit requires the removing party "to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011). The removing party must show that "there is 'no reasonable basis in fact and law' for the claim brought against" the diversity-destroying defendant. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (quoting *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012)).

Defendant Hyster-Yale has failed to meet its burden in showing the claim against Defendant Churchill has no reasonable basis in fact and law. *See Menz v. New Holland*

*N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Filla v. Norfolk S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003) ("[A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim.")).  Indeed, Plaintiff has put forward multiple precedents that show, based on the factual allegations in the First Amended Complaint,[1] that he "might have a 'colorable' claim" under Missouri law against Defendant Churchill, a fellow citizen of Missouri.  *See Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (quoting *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1005 (8th Cir. 2006)); *see also Hutchen*, 555 F. Supp. 2d at 1019 (concluding plaintiff alleged colorable negligence claim under Missouri law against store manager who failed to remove contaminated spinach from store she managed or warn customers of possible contamination though she allegedly should have known that contaminated and recalled spinach had been found in other stores).  In sum, Plaintiff did not fraudulently join Defendant Churchill, and his presence in this action destroys diversity.[2]

---

[1] The Court looks to the facts within Plaintiff's First Amended Complaint, filed after removal, to determine whether jurisdiction is proper here.  *See Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 922 (8th Cir. 2023) (explaining that an amended complaint supersedes an original complaint, rendering the original complaint without legal effect, even when the case "ends up in federal court through removal"), *cert. granted*, 144 S. Ct. 1455 (2024); *see also, e.g.*, *Johnson v. The Hertz Corp.*, 4:24-cv-00827-SRC, 2024 WL 4751310 (E.D. Mo. Nov. 12, 2024) (citing *Wullschleger*, 75 F.4th at 922–24) (examining the amended complaint to resolve fraudulent joinder question).  *But see, e.g.*, *Berber v. Wells Fargo Bank, N.A.*, 760 F. App'x 684, 688 n.2 (11th Cir. 2019) (per curiam) (noting amended complaints "do not matter for the purposes of the fraudulent joinder analysis, which only examines the pleadings at the time of removal").

[2] The Court notes that Defendant Churchill answered the Petition and the First Amended Complaint; he did not seek dismissal of either under Federal Rule of Civil Procedure 12(b)(6).  Nor did he seek to file any papers taking a position on the merits of the motion to remand or on the Court's jurisdiction.  Of course, his litigation strategies do not resolve the jurisdictional question here, *cf. Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) (no action of the parties can confer subject matter jurisdiction), but if there were no reasonable basis in fact and law for the claim brought against him, surely Defendant Churchill, represented by able counsel, would have sought dismissal or sought to inform the Court of his position.

This action's jurisdictional troubles do not end there, though, because Defendant Hyster-Yale has failed to establish the Court's jurisdiction even if the Court could disregard Defendant Churchill's citizenship. First, Defendant Hyster-Yale failed to establish Plaintiff's citizenship. Instead, the Notice of Removal alleged only that Plaintiff is "a resident" of Missouri. But a "notice of removal resting on residency" does "not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). Ambiguity in the word "resident" prevents the Court from concluding "that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014). "This rule is not new." *Hargett*, 854 F.3d at 965; *see also, e.g.*, *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893) (reversing lower court's judgment for want of jurisdiction because, while plaintiff averred that he was "a resident" of New York, "his citizenship [wa]s nowhere disclosed").

Second, Defendant Hyster-Yale failed to establish that the parties were diverse both when Plaintiff initiated the action in state court and when Hyster-Yale removed the action to this Court. *Compare* Doc. [1] ¶ 9 (stating parties *are* diverse), *and id.* ¶ 11 (claiming Plaintiff *is* a resident), *with Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) ("For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court."); *see also Reece*, 760 F.3d at 777 (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").

This rule, too, is not new.  *See, e.g.*, *Burnham v. First Nat. Bank*, 53 F. 163, 165 (8th Cir. 1892) (calling the rule "well settled").

\* \* \*

A federal district court must "presume[ ] that a cause lies outside [its] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Defendant Hyster-Yale has failed to carry that burden for the reasons explained herein.  It appearing that this Court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Though § 1447(c) mandates remand of this action, the Court will not award attorney's fees under that subsection as Plaintiff requests.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to State Court, Doc. [39], is **GRANTED** in part.  The Court will enter an Order of Remand herewith but will not award Plaintiff payment of costs and actual expenses.

Dated this 22nd day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] After removal, Plaintiff filed a First Amended Complaint, which shored up his claim against Defendant Churchill.  While the Court concludes that the First Amended Complaint governs the jurisdictional analysis here, *see supra* note 1, Hyster-Yale had an objectively reasonable basis for seeking removal of this action based upon Plaintiff's original Petition in state court.  *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (holding that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal").